**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **IGT,  IGT CANADA SOLUTIONS ULC,** | § | |
| *Plaintiffs* | § | |
| | § | **W-21-CV-00331-ADA** |
| **-vs-** | § | |
| | § | |
| **ZYNGA INC.,** | § | |
| *Defendant* | § | |

**ORDER ON DISCOVERY**

Before the Court is Plaintiffs' motion to compel Defendant to produce technical documents and source code "sufficient to show the operation of the accused product(s). After considering the parties' respective position statements submitted to the Court by email on February 7, 2022, and the parties' oral argument on February 16, 2022, Plaintiffs' Motion is **GRANTED**.

## I.      BACKGROUND

IGT and IGT Canada Solutions ULC (collectively, "IGT" or Plaintiffs") allege that Defendant Zynga Inc. ("Zynga" or "Defendant") improperly withheld discovery for the majority of products identified in IGT's preliminary infringement contentions. For each of the asserted patents, IGT's preliminary infringement contentions identify infringing instrumentalities in Zynga's gaming systems.  IGT's preliminary infringement contention charts correlate those instrumentalities with each asserted claim. IGT clarified that such charted products were "exemplary only" and "representative of and exhibit the same accused instrumentalities common to all" identified products. Zynga only produced technical information for the subset of exemplary products for which IGT included screenshots and withheld discovery on roughly 100

other accused products. IGT requests that the Court compel Zynga to provide discovery for each product identified and accused in IGT's contentions.

IGT's preliminary infringement contentions allege that Zynga infringes, for example, U.S. Patent No. 7,168,089 by "performing in the United States Zynga's gaming methods involving hardware and software for authorizing users to play Zynga's various game offerings, such as Words With Friends, Words With Friends 2, Harry Potter: Puzzles & Spells, FarmVille, FarmVille 2, FarmVille 3, Zynga Poker, Hit It Rich! suits of slots games including, e.g., Mustang Money, Game of Thrones Slots Casino, Willy Wonka Slots, Wizard of Oz Slots, Black Diamond Casino slots, and other Zynga slots games, and other games listed in IGT_0004551 (Apple App Store), IGT_0004583 (Google Play Store), and/or IGT_0004424 (Zynga.com/games/) (the "Accused Methods")." The documents IGT_0004551, IGT_0004583, and IGT_0004424 collectively list roughly 100 other games (the "uncharted games") that form the basis of this discovery dispute. Zynga refuses to produce discovery on the uncharted games because Zynga feels the uncharted games are not fairly represented and because IGT has not provided separate infringement contention charts that identify independent infringement theories.

## II.    PARTY'S ARGUMENTS

IGT seeks source code and other discovery for the roughly 100 uncharted games without individually charting each of the uncharted games.  IGT contends that it needs discovery on the uncharted games before it can provide meaningful infringement contention charts.

Zynga posits that Plaintiff must either separately chart each accused product or provide meaningful analysis explaining how multiple accused products presented supposedly operate the in the representative manner. Zynga argues that IGT has not met either burden. Zynga further argues that the uncharted games are materially different from the charted games.

To illustrate its argument, Zynga uses an example of "airplane mode games." Some asserted claims require communication between a server and a mobile device. IGT alleges that both the charted games and uncharted games perform the claimed communication. But Zynga contends that many of the uncharted games are played without any communication with a server, which IGT can confirm by playing the game on a device in airplane mode. According to Zynga, these differences arose because different programmers from independent groups independently developed the allegedly represented games to work in independent ways. Because of the different, non-representative implementation techniques, Zynga argues IGT must either demonstrate the difference in the implementation techniques does not affect its infringement theories or explain its basis for contending that every accused product uses the same implementation technique.

Zynga argues for proceeding in one of two ways, neither of which include discovery on the roughly 100 uncharted products. First, Zynga proposes that if IGT believes multiple games infringe for the same reason—for example, by using the same Zynga back end service to carry out the accused functionality—then IGT should provide a chart disclosing that theory. But, Zynga argues, IGT would need no additional discovery because Zynga already produced that code. Second, if IGT believes Zynga's games infringe because of game-specific functionality, IGT must provide contentions explaining how each allegedly infringes. Zynga therefore argues it should not be compelled to produce the source code for the games for which IGT has not disclosed an infringement theory and that any such production would be unduly burdensome.

### III.    DISCUSSION

The Court "adheres to a policy of liberal discovery." *Bright Sols., Inc. v. Tire Seal, Inc.*, No. 5:06CV247, 2008 WL 11347983, at *4 (E.D. Tex. Jan. 14, 2008). This request comes at the

preliminary infringement stage. Unlike *WSOU Investments LLC v. OnePlus Tech. (Shenzhen) Co.*, the Court is not merging the preliminary and final infringement deadlines. 2022 WL 174517, at *2–3 (W.D. Tex. Jan. 18, 2022). Indeed, a higher standard of detailing claim charts with specific descriptions of how each product is represented by a single charted product applies to a plaintiff's final infringement contentions. But at the preliminary infringement contention stage, a plaintiff need only illustrate that the additional uncharted products are "reasonably similar" to those specifically charted and accused in the preliminary infringement contentions. *Stambler v. Amazon.com, Inc.*, No. 2:09-CV-310 (DF), 2011 WL 13196261, at *3 (E.D. Tex. May 13, 2011); *see also Nichia Corp. v. Feit Elec. Co., Inc.*, No. CV 20-359-GW-EX, 2020 WL 7264546, at *3 (C.D. Cal. Nov. 19, 2020) ("A plaintiff need only provide enough information to permit a reasonable inference that all accused products infringe.") (internal quotation marks omitted).

Here, IGT met the reasonably similar standard, but only barely so. The uncharted games are all run by Zynga and alleged to work in the same way, and the accused communication to servers remains unrebutted by Zynga's arguments or any evidence. Thus, the Court agrees with IGT: Zynga cannot refuse to comply with discovery just because Zynga believes it does not infringe.

Zynga argues that the uncharted products cannot be reasonably similar to an exemplary charted product based on material differences such as the ability of some uncharted games to operate without any claimed communication to a server by operating in airplane mode. Zynga argues that this difference requires Plaintiff to either demonstrate the difference does not affect its infringement theories or show that the accused products use the same implementation technique.

Despite Zynga's argument, the Court finds it is reasonable, at this stage, that the uncharted games that can function in airplane mode may nonetheless infringe when not in airplane mode. The Court also discounts Zynga's argument due to lack of evidentiary support (e.g., a declaration or technical document showing that certain games *never* communicate with a server). Such evidence sits at heart of the discovery that Plaintiffs seek in order to provide more detailed final infringement contentions explaining why products are fairly represented. Thus, the Court finds it appropriate to order such discovery and reject reliance on Zynga's unilateral argument that products are not fairly represented. The Court notes that plaintiffs should exhaust publicly available information in providing preliminary infringement contentions. But even if Zynga is correct that products are not fairly represented, Plaintiff is still entitled to discovery to verify it when such information is not publicly available. Because the accused products remain "reasonably similar" after considering Zynga's positions, Zynga must provide the requested discovery.

Defendant also alleges that the requested discovery is unduly burdensome. The Court finds other remedies more appropriate than denial of discovery.

First, the parties can meet and confer to place the accused products in multiple representative buckets. For example, Zynga argues that the games that are playable in "airplane" mode fall into a separate representative bucket. Zynga could identify all games that fall into this bucket and provide discovery on one or two exemplary games, such as a game chosen by each party. After gathering discovery, the parties might agree that games in the "airplane" mode bucket do not infringe and drop such products from the case. If the parties continue to disagree about the infringement of products in the "airplane" mode bucket, then Plaintiffs, now armed

with discovery of one or two exemplary airplane mode products, can chart its representative infringement contentions for all products in that bucket.

Second, if Plaintiffs fail to cooperate and work toward smaller, more reasonable representative buckets and continue to insist that all products in a large bucket operate in the same way, then Defendant may stipulate to the representation and produce discovery on one representative product of Defendant's choice (in addition to discovery on fairly charted products). A defendant will naturally select a representative product that is least likely to infringe and hold an uncooperative plaintiff to its own allegation that all other uncharted products operate in the same way. To avoid this, a plaintiff may either cooperate and work toward smaller, more reasonable representative buckets, initially chart more products under independent infringement theories, or chart contentions based on smaller, more reasonably representative buckets.

Last, Defendant can seek alternative relief. The Court's discovery procedure limited Defendant to a 500-word argument, which may not have permitted Defendant to fully articulate its basis for relief or submit the necessary evidence.  A defendant may file a motion to dismiss certain products from the case if the defendant believes those contentions are not plausible.  A defendant may file a motion for sanctions if the discovery is sought for an improper purpose such as needlessly increasing the cost of litigation, if a plaintiff's contentions lack a good faith basis, if a plaintiff engages in discovery abuse, or if a Plaintiff fails to conduct a reasonable pre-suit inquiry. A defendant may move for a protective order under Rule 26 if the burden or expense of the discovery outweighs its likely benefit.  Alternatively, the Defendant here may expedite representative discovery, for example by producing full discovery on airplane mode products, before filing an early motion for summary judgment with evidentiary support.  But, given the

current record, the Court believes that Plaintiffs have done enough to warrant the requested discovery.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiffs' discovery request is **GRANTED**. Zynga is ORDERED to provide discovery for each product identified and accused in IGT's contentions or provide discovery of an exemplary product that Zynga stipulates is representative of the uncharted games.


SIGNED this 1st day of March, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

7